# In The

# *Court of Appeals*

# *Ninth District of Texas at Beaumont*

_____

## NO. 09-21-00251-CV
_____

## IN RE J.G. AND A.G.

_____

**Original Proceeding**
**County Court at Law of Orange County, Texas**
**Trial Cause No. C200555-D**

_____

## MEMORANDUM OPINION

J.G. and A.G., Relators, filed a petition for a writ of mandamus and a motion for temporary relief. *See* Tex. R. App. P. 52; *see also* Tex. Gov't Code Ann. § 22.221. Relators ask this Court to stay the trial set for September 2, 2021, on a petition for termination of parental rights filed by the Texas Department of Family and Protective Services ("the Department"), to compel the trial court to vacate an order striking Relators' petition in intervention for lack of standing, and require the trial court to conduct a trial on the merits of their petition for termination and adoption. We deny the petition for mandamus and the motion for temporary relief.

1

On September 22, 2020, the Department filed Trial Cause Number C200555-D, *In the Interest of S.C.*, an Original Petition for Protection of a Child, For Conservatorship, and For Termination in Suit Affecting the Parent-Child Relationship. In the suit, the Department sought termination of the parental rights of F.N.J. and D.C. and appointment of the Department as sole managing conservator of S.C. On April 26, 2021, Relators filed an Original Petition in Intervention and for Termination of Parental Rights. They alleged standing as adults who have had actual possession and control of S.C. for not less than two months during the three-month period preceding the filing of the petition. *See* Tex. Fam. Code Ann. § 102.005(3).

The Department moved to strike and dismiss the plea in intervention. The Department argued that Relators cannot maintain standing under section 102.005(3) because a specific standing statute applies to foster parents and Relators cannot establish standing under that section. *Compare* Tex. Fam. Code. Ann. § 102.005(3), *with* § 102.003(a)(12). The Department further argued that section 102.005 did not apply because the Department did not seek adoption in its petition.

On July 8, 2021, the trial court signed an order striking the intervention and dismissing Relators as parties to the case.

On August 31, 2021, Relators filed their mandamus petition in this Court. They argue that because S.C. was placed in their home on October 23, 2020, and removed on April 9, 2021, when they filed their petition in intervention on April 26,

2

2021, they had standing to sue for termination and adoption because they had actual possession and control of S.C. for the period required by section 102.005(3). They also claim the trial court abused its discretion in the permanency hearing by considering only the length of time in placement when considering the best interest of the child. Relators argue that an appeal is inadequate as a remedy for the trial court's alleged error in granting the motion to strike their intervention because the case will proceed to final judgment without them, and they suggest S.C.'s adoption will likely be consummated before an appeal could be resolved.

To obtain extraordinary relief in a writ of mandamus, Relators must show that the trial court abused its discretion and there is no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). In determining whether appeal is an adequate remedy, we consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding).

When a person intervenes before the trial court signs a final judgment and the trial court strikes a petition in intervention, the intervening party dismissed from the suit may appeal from the final judgment. *See Kenneth D. Eichner, P.C. v. Dominguez*, 623 S.W.3d 358, 362 (Tex. 2021). Relators argue that they will lack a realistic avenue to perfect an appeal because they will not receive notice of future proceedings. But they filed their mandamus petition two days before the trial will

3

commence, and the Rules of Appellate Procedure allow a party to a civil case to file a notice of appeal before the trial court signs the judgment. *See* Tex. R. App. P. 27.1(a). The Department's suit is subject to a dismissal date of September 27, 2021. Termination of the parental rights of F.N.J. and D.C. is before the trial court in a trial that will begin on September 2, 2021. But the record in the mandamus proceeding fails to show that any party other than Relators have filed a claim for adoption. Thus, by striking the intervention, there is no longer any active claim seeking the adoption of S.C. Should Relators be successful in an accelerated appeal from the final judgment that will decide the issues involved in the Department's petition, the Relators will be able to appeal and if successful, the trial court will be required to consider their claim on remand.

Under the circumstances, we conclude the Relators have not shown that appeal from the final judgment will not provide an adequate remedy. In this opinion we neither consider nor decide whether Relators established standing to file a petition for termination and adoption. We deny the petition for a writ of mandamus and motion for temporary relief. *See* Tex. R. App. P. 52.8(a), 52.10.

PETITION DENIED.

PER CURIAM

Submitted on September 1, 2021
Opinion Delivered September 1, 2021

Before Golemon, C.J., Kreger and Horton, JJ.

4